1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                         SAN JOSE DIVISION

6

7   RESOL GROUP LLC, et al.,                 Case No.  15-cv-03245-BLF

        Plaintiffs,

8

        v.                                   ORDER DENYING APPLICATION TO
9                                            PROCEED IN FORMA PAUPERIS,
                                             REMANDING CASE TO STATE
10  SIDNEY T. SCARLETT,                      COURT

        Defendant.

11

12

13         In this action, *pro* se defendant Sidney T. Scarlett seeks to remove a case originally filed

14  by plaintiff Resol Group LLC in the Superior Court of California for the County of Santa Clara.

15  This Court denied without prejudice Scarlett's Application to Proceed In Forma Pauperis ("IFP")

16  on July 20, 2015 and ordered him to file a signed application along with an amended Notice of

17  Removal.  ECF 11.  On August 5, 2015, the Court granted Scarlett's request for an extension of

18  time in which to file the ordered amendment and deferred ruling on his renewed Application to

19  Proceed IFP until such time as the Court could determine that this removal is not frivolous.  ECF

20  18.  On August 26, 2015, Scarlett filed his amended Notice of Removal.  Am. Notice, ECF 20, 27.

21         This appears to be Scarlett's third attempt to remove the same state court action.  Case

22  number 114-CV-267656, the subject of Scarlett's removal notice, was filed on July 8, 2014.  *See*

23  Am. Notice Exh. 2 (State Court Compl.).[1]  In the complaint in that action, Resol Group asserts

24  state law claims against Scarlett for quiet title, cancellation of recorded instrument, declaratory

25  relief, slander of title, and civil conspiracy.  *Id.*  There is no federal question on the face of Resol

26  Group's complaint.  Indeed, this Court remanded Scarlett's two prior attempts to remove this very

27

28  _____
    [1] The state court complaint begins at page 30 of 81 at ECF 27-3.

United States District Court
Northern District of California

same case, explaining that there is no federal question subject-matter jurisdiction under 28 U.S.C. § 1331 because there is no federal claim on the face of Resol Group's complaint and that there is no diversity jurisdiction under § 1332 because both Scarlett and Resol Group are citizens of California.  *See Scarlett v. Resol Grp. LLC*, No. 5:14-CV-05512 EJD, 2015 WL 602981, at *2-3 (N.D. Cal. Feb. 11, 2015); *Resol Grp. LLC v. Scarlett*, No. 14-CV-04402-LHK, 2014 WL 6766258, at *3 (N.D. Cal. Dec. 1, 2014).  That conclusion has not changed.

Although Scarlett in his Amended Notice of Removal now alleges that "Resol Group, LLC, is a professional corporation headquartered in California but it's believed its members reside outside the state," Am. Notice ¶ 6, that is beside the point because a corporation is deemed to be a citizen of the state "where it has its principal place of business," 28 U.S.C. § 1332(c)(1).  As such, that Resol Group's members reside outside the state does not detract from Scarlett's allegation that Resol Group is headquartered in California and therefore a citizen of California.[2]  Nor does Scarlett's inclusion of Suntrust Mortgage, Inc., a corporation headquartered in Roanoke, Virginia, alter the outcome.  Am. Notice ¶ 5.  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original), and here Scarlett and Resol Group are not diverse.

Furthermore, Scarlett's attempt to invoke federal jurisdiction by asserting a "cross-complaint for FDCPA violations" is unavailing.[3]  Am. Notice ¶ 11.  However Scarlett may style his FDCPA claim, it does not appear on the face of Resol Group's state court complaint.  As this Court already explained, "federal question jurisdiction does not arise from an actual or anticipated cross-claim or counterclaim since those claims are not contained in the Complaint, nor can it be created by some alternative constitutional interpretation of the pleading."  *Scarlett v. Resol Grp. LLC*, 2015 WL 602981, at *2.  Scarlett's purported FDCPA cross-claim is therefore insufficient to

---

[2] Furthermore, Resol Group's own complaint indicates that it is a limited liability company organized and existing under the laws of the State of California and that it does business in Santa Clara County, California, thereby establishing that Resol Group is a citizen of California for purposes of 28 U.S.C. § 1332.  *See* State Court Compl. ¶ 1.

[3] The FDCPA is the federal Fair Debt Collection Practices Act.  15 U.S.C. § 1692.

invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Because this Court has no subject-matter jurisdiction over the case sought to be removed, Scarlett's Notice of Removal is frivolous. The Court accordingly DENIES Scarlett's Application to Proceed IFP. 28 U.S.C. § 1915(e)(2)(B). Furthermore, in light of the fact that this Court lacks subject-matter jurisdiction over the removed dispute, IT IS HEREBY ORDERED THAT this case be REMANDED to the Superior Court for the County of Santa Clara.[4]

Scarlett is on notice that any further attempts to remove Case No. 114-CV-267656 may result in sanctions, including the institution of a pre-filing order. *Bridgewater v. Hayes Valley Ltd. Partnership*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal., Feb. 11, 2011); *see generally Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: August 31, 2015

BETH LABSON FREEMAN
United States District Judge

---

[4] Resol Group's recently filed Motion to Remand, ECF 21, is DENIED as moot.